**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Roebuck, | No. CV-21-00510-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Mayo Clinic, et al., | |
| Defendants. | |

Before the Court is Robin Roebuck's motion to remand, which is fully briefed. (Docs. 8, 15, 17.) For the following reasons, the Court will grant Mr. Roebuck's motion.

**I. Background**

This case stems from injuries allegedly suffered by Mr. Roebuck while he was a patient at the Mayo Clinic. (Doc. 1-3.) Particularly, on April 20, 2020, Mr. Roebuck presented to the Mayo Clinic complaining of cough, fever, and diarrhea. (*Id.* at 19.) Roebuck was diagnosed with COVID-19 and admitted to the hospital that day. (*Id.*) On April 24, 2020, Nicole Secrest, N.P., acting under the direction of Robert Scott, M.D., performed a right-side arterial blood gas ("ABG") stick on Mr. Roebuck. (*Id.*) On April 25, 2020, Mr. Roebuck developed complications from the ABG stick, was diagnosed with compartment syndrome, and was scheduled for emergency surgery. (*Id.*) On April 26, 2020, Anthony Smith, M.D., performed a right volar fasciotomy, right open carpal tunnel release, decompression of the ulnar nerve of the right volar wrist, and a dorsal hand

fasciotomy. (*Id*). On May 1, 2020, Dr. Smith also performed a skin graft onto wounds on Mr. Roebuck's right hand and forearm. (*Id.*) Mr. Roebuck remained hospitalized until May 7, 2020. (*Id.*) He continues to suffer decreased strength in, diminished use of, and profound scarring on his right hand and arm and incurred approximately $300,000 in medical bills. (*Id.* at 20.)

On January 29, 2021, Mr. Roebuck filed a complaint alleging a state law claim for medical negligence against Defendants in Maricopa County Superior Court. (*Id.*) On March 24, 2021, Defendants removed the action to this Court, asserting that the Court has federal question jurisdiction over the matter pursuant to 28 U.S.C § 1331. (Doc. 1.) On March 26, 2021, Mr. Roebuck filed a motion to remand, which is now ripe.

**III. Discussion**

A defendant may "remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). A federal court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether an action arises under federal law, the Court applies the well-pleaded complaint rule, which "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id.* (quoting *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, (2003)). Under this rule, "'a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" *Id.* (quoting *Caterpillar*, 482 U.S. at 393).

Here, Mr. Roebuck does not affirmatively allege a federal claim in his complaint.

Rather, he solely asserts a state law claim for medical negligence against Defendants. However, the Ninth Circuit recognizes two exceptions to the well-pleaded complaint rule for (1) cases involving a state law claim that arises under federal law and (2) cases in which the state law claim is completely preempted by a federal statute. *City of Oakland v. BP PLC*, 969 F.3d 895, 906 (9th Cir. 2020). Defendants assert that both exceptions apply. The Court will address each exception, in turn.

**A.  State Claim Arising Under Federal Law**

To establish federal-question jurisdiction under the first exception, a state law claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Thus, it is Defendants' burden to prove that a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Only a "special and small category of cases" grounded in state law "arise under federal law for purposes of federal question jurisdiction." *Atl. Richfield Co. v. Christian*, 140 S. Ct. 1335, 1350 n.4 (2020) (quoting *Gunn*, 568 U. S. at 258).

Here, Defendants argue that the *Grable* exception has been met because Defendants will raise immunity under the Public Readiness and Emergency Preparedness ("PREP") Act as a defense and "a federal court has a substantial interest in determining the application of the PREP Act given the widespread and pervasive nature of the COVID19 pandemic." (Doc. 1 at 8.) Contrary to Defendants' assertions, the *Grable* test has not been met because Mr. Roebuck's complaint does not "necessarily raise" a federal issue. Recently, when confronted with this issue, the Southern District of New York explained,

> The immunity question is not an element of Plaintiffs' state-law causes of action. The existence of immunity is ordinarily a defense that can be raised or waived by a defendant . . . Plaintiffs need not prove that Defendants here are not immune in order to prevail. The *Grable* court did not purport to limit—indeed, it did not even discuss—the long line of cases that

> preceded it, which held preemption is a defense that does not present a federal question. . . accepting Defendants' argument that the claim here—which alleges run-of-the-mill state-law causes of action—is removable would dramatically alter the federal-state division of labor.

*Shapnik v. The Hebrew Home for the Aged at Riverdale*, No. 20-CV-6774 (LJL), 2021 WL 1614818, at * 14 (S.D.N.Y. Apr. 26, 2021). *See also Hopman v. Sunrise Villa Culver City*, Case No. 2:21-cv-010540RGK-JEM, 2021 WL 1529964, at *6 (C.D. Cal. Apr. 16, 2021) ("No federal issue is 'necessarily raised by Plaintiffs' complaint because an interpretation of the PREP Act is not an essential element of any of Plaintiffs' state law claims . . . Though nothing precludes Defendants from raising PREP Act immunity defensively before a court of competent jurisdiction, this is not that Court."); *Perez v. Southeast SNF LLC*, Case No. SA-21-CV-00088-JKP, 2021 WL 1381232, at *3 (W.D. Tex. Apr. 12, 2021) ("Because PREP Act immunity is a defense that must be pled in an answer or asserted in a motion to dismiss, it is not necessarily raised as a claim or element in Plaintiffs' negligence cases."). In sum, the first exception to the well-pleaded complaint rule does not apply.

**B. Complete Preemption**

On March 10, 2020, the Secretary of Health and Human Services ("HHS Secretary") issued a declaration under the PREP Act, determining that COVID-19 constitutes a public health emergency and affording PREP Act liability immunity to covered persons for covered countermeasures including "any antiviral, any other drug, any biologic, any diagnostic, any other device, or any vaccine, used to treat, diagnose, cure, prevent, or mitigate COVID-19." 85 Fed. Reg. 15. Defendants contend that the PREP Act is an applicable and complete preemption statute under the circumstances.

The PREP Act gives the HHS Secretary authority to make declarations that confer immunity[1] on certain persons from liability for "loss caused by, arising out of, relating to,

---

[1] An exception to this immunity exists when willful misconduct proximately causes death or serious physical injury. 42 U.S.C. § 247d-6d(d)(1). Cases filed pursuant to this exception may "be filed and maintained only in the United States District Court for the District of Columbia" following exhaustion of administrative remedies. *Id.* § 247d-6d(e)(1).

- 4 -

or resulting from the administration to or the use by an individual of a covered countermeasure[2] if a declaration has been issued with respect to such countermeasure." 42 U.S.C. § 247d-6d(a)(1). Under the PREP Act, a person who suffers a covered injury may bring a claim for compensation from the Covered Countermeasure Process Fund ("Process Fund"), which is administered by the HHS Secretary. *Id.* § 247d-6e(a). Compensation through the Process Fund "shall be exclusive of any other civil action or proceeding for any claim or suit this section encompasses." *Id.* § 247d-6e(d)(4). In addition, the PREP Act contains the following preemption language:

> During the effective period of a declaration . . . no State . . . may establish, enforce, or continue in effect with respect to a covered countermeasure any provision of law or legal requirement that—
>
> (A) is different from, or is in conflict with, any requirement applicable under this section; and
>
> (B) relates to the design, development, clinical testing or investigation, formulation, manufacture, distribution, sale, donation, purchase, marketing, promotion, packaging, labeling, licensing, use, any other aspect of safety or efficacy, or the prescribing, dispensing, or administration by qualified persons of the covered countermeasure, or to any matter included in a requirement applicable to the covered countermeasure under this section or any other provision of this chapter, or under the Federal Food, Drug, and Cosmetic Act.

*Id.* § 247d-6d(b)(8).

It is Defendants' burden to demonstrate that the PREP Act applies and completely preempts Mr. Roebuck's claim. *See Reiten v. CIGNA Health & Life Ins. Co.*, No. 20-cv-02330, 2020 WL 1862462, at *3 (C.D. Cal. Apr. 14, 2020) ("As the party seeking to invoke federal jurisdiction, [the defendant] bears the burden of proving that [the] plaintiff's claim is completely preempted.").

---

[2] A covered countermeasure includes qualified pandemic or epidemic products, security countermeasures, drugs, biological products or devices authorized for emergency use, or certain respiratory protective devices. *Id.* § 247d-6d(i)(1). The PREP Act creates a rebuttable presumption that use of countermeasures by a covered person during a declaration period is for the category of diseases covered under the declaration. *Id.* § 247d-6d(a)(6). A "covered person" includes manufacturers, distributors, program planners, and qualified persons who prescribed, administered, or dispensed such countermeasures. *Id.* § 247d-6d(i)(2).

"Complete preemption refers to the situation in which federal law not only preempts a state-law cause of action, but also substitutes an exclusive federal cause of action in its place." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted). Complete preemption applies only when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar Inc.*, 482 U.S. at 393 (quoting *Metro. Life. Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "The Supreme Court has recognized only three statutory provisions as having such extraordinary preemptive force: (1) Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185; (2) Section 502(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a); and (3) Sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85-86. *Mitchell v. Advanced HCS, LLC*, No. 4:21-CV-00155-P, 2021 WL 1247884, at * 2 (N.D. Tex. Apr. 5, 2021) (citing *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005)).

Defendants assert that the PREP Act completely preempts Mr. Roebuck's state law negligence claim, because his complaint "clearly articulates a claim arising from, related to or resulting from a countermeasure used to mitigate or limit the harm of Plaintiff's COVID-19 diagnosis and the treatment and complications that arose from, related to and resulted from the patient's COVID-19 infection (ABG stick to assess low blood oxygen levels as a result of COVID-19, which led to Plaintiff's development of compartment syndrome)." (Doc. 1 at 7.) Moreover, Defendants suggest that the HHS Secretary's January 2021 advisory opinion—opining that the PREP Act "is a 'complete preemption' statute—confirms that the PREP Act is, in fact, a complete preemption statute. *See* Public Readiness and Emergency Preparedness Act Scope of Preemption Provision, 21-01 (Op. O.G.C., Dep't of Health & Human Servs. Jan. 8, 2021). Defendants' argument is misguided.

Almost every federal court to have addressed this complete preemption issue following the issuance of the HHS Secretary's advisory opinion has held that the PREP Act does not trigger complete preemption. *Perez*, 2021 WL 1381232, at *2 ("the PREP

Act does not completely preempt state law negligence claims for COVID-19-related injuries. The Act does not create a Federal cause of action but provides immunity"); *Padilla v. Brookfield Healthcare Center*, Case No. CV 21-2062-DMG (ASx), 2021 WL 1549689, at *4 (C.D. Cal. Apr. 19, 2021) (noting "[n]early every other federal court addressing the issue of complete preemption has found that the PREP Act is not a statue with complete preemptive effect" and joining the growing consensus); *Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, No. 3:20-cv-00683, 2021 WL 1561306, at * 7 (M.D. Tenn. Apr. 21, 2021) (citation omitted) ("Without creating a parallel federal cause of action for PREP Act claims, Congress has not manifested a clear intent for the PREP Act to occupy the field so completely that any 'ostensibly state law claim' touching on a response (or lack thereof) to COVID-19 'is in fact a federal claim' for purposes of removal jurisdiction.")

In *Mitchell*, the Northern District of Texas aptly explained,

> The PREP Act does not provide the exclusive cause of action for claims that fall within its scope; in fact, for the most part, the Act provides no causes of action whatsoever. The PREP Act is, at its core, an *immunity* statute; it creates no rights, duties, or obligations. In providing immunity to certain covered persons for certain types of claims, the PREP Act confers primary jurisdiction over most claims not to the federal courts but to the Secretary, who has the sole authority to administer and provide compensation from a "Covered Countermeasure Process Fund." Even with PREP Act claims involving "willful misconduct," which must be brought exclusively in the United States District Court for the District of Columbia, the plaintiff must first exhaust administrative remedies . . . Thus, except for one narrow exception, PREP Act claims cannot be brought in federal court.
>
> Defendants direct the Court to a recent Advisory Opinion put forth by the Department of Health and Human Services' ("HHS") Office of the General Counsel, which opines that the PREP Act "is a 'complete preemption' statute" because it establishes "a federal cause of action, administrative or judicial, as the only viable claim." []
>
> [T]he Advisory Opinion expressly acknowledges that it "does not have the force or effect of law." Thus, even assuming *arguendo* that Congress intended to delegate authority to the Secretary and HHS's Office of the General Counsel "generally to make rules carrying the force of law," the Office of the General Counsel interpretation relied upon by Defendants here explicitly was not "promulgated in the

- 7 -

> exercise of that authority" and is not entitled to *Chevron* deference.
>
> Moreover, the Court finds that the interpretation lacks the "power to persuade." The Advisory Opinion cites no cases for its proposition that an exclusive federal administrative remedy is sufficient for complete preemption. The Court finds that the plethora of cases rejecting the Advisory Opinion's position . . . possess a much larger "power to persuade" than the Advisory Opinion.

*Mitchell*, 2021 WL 1247884, at *3-5 (citations omitted). The Court is persuaded by and adopts this rationale. Looking to this guidance, the Court joins the growing consensus finding that the PREP Act is not a complete preemption statute. The PREP Act does not satisfy the Ninth Circuit's complete preemption test because it does not completely replace state law claims related to COVID-19 and does not provide a substitute cause of action for Mr. Roebuck's medical negligence claim. The second exception to the well-pleaded complaint rule does not apply. Accordingly,

**IT IS ORDERED** that Mr. Roebuck's motion to remand (Doc. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to Maricopa County Superior Court.

Dated this 7th day of May, 2021.

Douglas L. Rayes
United States District Judge